## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT WILLIAMS, | ) Case No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT FOR** |
| | ) **VIOLATIONS OF THE** |
| VERITIV CORPORATION, STEPHEN E. | ) **FEDERAL SECURITIES LAWS** |
| MACADAM, SALVATORE A. ABBATE, | ) |
| AUTUMN R. BAYLES, SHANTELLA E. | ) **JURY TRIAL DEMANDED** |
| COOPER, DAVID E. FLITMAN, TRACY A. | ) |
| LEINBACH, GREGORY B. MORRISON, | ) |
| MICHAEL P. MULDOWNEY, and | ) |
| CHARLES G. WARD, III, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Robert Williams ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against Veritiv Corporation ("Veritiv" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by an affiliate of Clayton, Dubilier & Rice ("CD&R").[1]

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

2.      On August 6, 2023, Veritiv entered into an Agreement and Plan of Merger (the "Merger Agreement") with CD&R affiliates Verde Purchaser, LLC ("Parent"), and Verde Merger Sub, Inc.  The Merger Agreement provides that Veritiv stockholders will receive $170.00 in cash per share of Company common stock in connection with the Proposed Transaction.

3.      The Company's corporate directors subsequently authorized the September 18, 2023, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.      It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for October 17, 2023.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, the owner of Veritiv common stock.

10.      Defendant Veritiv is a Delaware corporation with its principal executive offices located at 1000 Abernathy Road NE, Building 400, Suite 1700, Atlanta, Georgia 30328. Veritiv's shares trade on the New York Stock Exchange under the ticker symbol "VRTV."

11.      Defendant Stephen E. Macadam is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12.      Defendant Salvatore A. Abbate is and has been Chief Executive Officer and a director of the Company at all times relevant hereto.

13.      Defendant Autumn R. Bayles is and has been a director of the Company at all times relevant hereto.

14.     Defendant Shantella E. Cooper is and has been a director of the Company at all times relevant hereto.

15.     Defendant David E. Flitman is and has been a director of the Company at all times relevant hereto.

16.     Defendant Tracy A. Leinbach is and has been a director of the Company at all times relevant hereto.

17.     Defendant Gregory B. Morrison is and has been a director of the Company at all times relevant hereto.

18.     Defendant Michael P. Muldowney is and has been a director of the Company at all times relevant hereto.

19.     Defendant Charles G. Ward, III is and has been a director of the Company at all times relevant hereto.

20.     Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

21.     On August 7, 2023, the Company announced in relevant part:

ATLANTA, Aug. 7, 2023 /PRNewswire/ -- Veritiv Corporation (NYSE: VRTV), a leading distributor of packaging, facility solutions and print products, announced today that it has entered into a definitive agreement to be acquired by an affiliate of Clayton, Dubilier & Rice, LLC (CD&R). Under the terms of the agreement, each share of Veritiv common stock issued and outstanding immediately prior to the closing of the transaction will be entitled to receive $170 per share in cash, representing a nearly 31% premium over Veritiv's 30-day volume-weighted average price of $129.89.

Having determined that the offer is in the best interests of the company and its shareholders, Veritiv's Board of Directors has unanimously voted to approve the transaction and recommends that shareholders vote in favor of the transaction.

"This agreement is a pivotal moment in Veritiv's history," said Sal Abbate, Chief Executive Officer of Veritiv.   "CD&R's interest in our company is a testament to our team's hard work, innovation, and dedication.  Fueled by this partnership, we will continue to evolve towards our greatest potential, delivering innovative and sustainable solutions to our customers today – and into the future."

Rob Volpe, Partner at CD&R, said, "Veritiv is a very well-positioned industry leader with differentiated capabilities that deliver value to customers.  We look forward to supporting Veritiv's talented leadership team in this next phase of the company's growth, as they continue to pursue their long-term strategic objectives while maintaining an unwavering commitment to employees, suppliers, and customers."

The transaction remains subject to shareholder approval and other customary closing conditions, including the receipt of required regulatory approvals, and is expected to close in the fourth quarter of 2023.  Upon the completion of the transaction, Veritiv will become a privately held company and shares of Veritiv common stock will no longer be listed on any public markets.

"As Veritiv's largest shareholder, we are supportive of this transaction," said Greg Ciongoli, Partner, The Baupost Group.  "The Veritiv management team has successfully executed on its multi-year strategy to drive significant growth and they have built substantial value in the business, which is reflected in the premium paid for the shares.  Combined with CD&R's business-building expertise, we believe Veritiv's future is very bright."

In connection with the transaction, funds managed by Baupost entered into a Support Agreement under which they have agreed to vote their shares in favor of the transaction.

**Advisors**

Morgan Stanley & Co. LLC served as exclusive financial advisor and Alston & Bird LLP served as legal counsel to Veritiv.

CD&R obtained committed financing from Morgan Stanley Sachs, RBC Capital Markets, LLC, Wells Fargo Securities, BMO Capital Markets Corp., and UBS Investment Bank.  Guggenheim Securities, LLC and Wells Fargo Securities served as lead financial advisors to CD&R, and BMO Capital Markets Corp., Morgan Stanley Sachs, RBC Capital Markets, LLC, and UBS Investment Bank also served as financial advisors.  Kirkland & Ellis LLP and Debevoise & Plimpton LLP served as legal counsel to CD&R.

**The Materially Incomplete and Misleading Proxy Statement**

22.     The Board caused to be filed the materially incomplete and misleading Proxy

Statement with the SEC on September 18, 2023  The Proxy Statement, which recommends that Veritiv stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses underlying the fairness opinions provided by the Company's financial advisors, Morgan Stanley & Co. LLC ("Morgan Stanley"); (c) potential conflicts of interest faced by Company insiders.

***Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts***

23.     The Proxy Statement fails to disclose material information concerning the Company's financial forecasts, including the line items underlying the Company's forecasted Adjusted EBITDA and Unlevered Free Cash Flow.

24.     The Proxy Statement further fails to disclose any Veritiv management forecasts created or considering prior to the Board's June 16, 2023, meeting.[3]

***Material Misrepresentations and/or Omissions Concerning the Financial Analyses Prepared by Morgan Stanley***

25.     The Proxy Statement fails to disclose material information concerning the financial analyses prepared by Morgan Stanley.

---

[3] According to the Proxy Statement, at that meeting Board meeting, "Veritiv's senior management provided an updated set of the financial forecasts to the Board of Directors, accounting for prevailing macroeconomic factors and recent performance and trends in Veritiv's businesses."  Proxy Statement at 39.  These updated forecasts were approved by the Board and "provided to potential acquirers and for use by Morgan Stanly in connection with its financial analysis of a potential transaction."  *Id.*  The Proxy Statement, however, fails to disclose Veritiv management's previous set(s) of financial forecasts or explain the changes made thereto, which changes enabled them to arrive at the updated set of financial forecasts ultimately approved by the Board.

26.     With respect to the *Discounted Cash Flow Analysis* performed by Morgan Stanley, the Proxy Statement fails to disclose: (a) Veritiv's terminal values; (b) the Company's net debt as of July 1, 2023; and (c) Veritiv's fully diluted outstanding shares.

27.     With respect to the *Precedent Transactions Analysis* performed by Morgan Stanley, the Proxy Statement fails to disclose the respective, individual financial metrics for each of the transactions selected and analyzed by the financial advisor.

28.     With respect to the *Comparable Companies Analysis* performed by Morgan Stanley, the Proxy Statement fails to disclose the respective, individual financial metrics for each of the companies selected and analyzed by the financial advisor.  The Proxy Statement also fails to disclose the Company's net debt as of June 30, 2023, and the Company's fully diluted outstanding shares as utilized in connection with this analysis.

***Material Misrepresentations and/or Omissions Concerning Company Insiders' Conflicts of Interest***

29.     The Proxy Statement fails to disclose material information concerning Company insiders, including whether any of CD&R's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

30.     The Proxy Statement similarly fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between Veritiv insiders and CD&R, who participated in all such communications, when they occurred and their content.

31.     The omission of the above-referenced information renders statements in the "Certain Unaudited Forecasted Financial Information," "Opinion of Veritiv's Financial Advisor," "Background of the Merger," and "Interests of Executive Officers and Directors of

Veritiv in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

32.     Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Veritiv**

33.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

34.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Veritiv is liable as the issuer of these statements.

35.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

36.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

37.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

38.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

39.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

40.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

41.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42.     The Individual Defendants acted as controlling persons of Veritiv within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Veritiv and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

43.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

45.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

46.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons

acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

        B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

        C.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

        D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

        E.     Granting such other relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  September 28, 2023        **LONG LAW, LLC**

                        By:  */s/ Brian D. Long*
                            Brian D. Long (#4347)
                            3828 Kennett Pike, Suite 208
                            Wilmington, DE 19807
                            Telephone: (302) 729-9100
                            Email: BDLong@LongLawDE.com

                            *Attorneys for Plaintiff*